UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| FLORENCE H. LUKE, | Civil No. 15-cv-2724 (SRN/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| FAMILY JUSTICE CENTER, JUDGE KEVIN BURKE | |
| Defendants. | |

Plaintiff commenced this action by filing a complaint against Judge Kevin Burke and the Family Justice Center for claims that seem to revolve around her child protection case over which Judge Burke resided. ECF No. 1. Luke did not pay any filing fee for this action, but instead filed an application for leave to proceed *in forma pauperis*, ("IFP"). ECF No. 2. The matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint must be dismissed pursuant to §§ 1915(e)(2)(ii)-(iii).

The Court finds that Plaintiff's claims against Judge Burke are barred by the doctrine of judicial immunity. It is well-settled that judges are completely immune from civil lawsuits that are based on allegedly wrongful acts or omissions that occurred while performing their judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986). There are only two sets of circumstances in which the doctrine of judicial immunity can be overcome

(1) if the judge is being sued for actions that were not taken in his or her judicial capacity, and (2) if the judge is being sued for actions taken "in the complete absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

In this case, Plaintiff's claim against Judge Burke is based on "an order that minor children be removed from [her] home," which would be based on acts that occurred while he was acting as a state court judge. Complaint, ECF No. 1 at 6. Plaintiff even alleges that the basis of her claim is judicial in nature in that she has "never gotten a fare [sic] trial and judgment from Judge Kevin Burke. . ." Complaint, ECF No. 1 at 7. Furthermore, there are no allegations suggesting that Judge Burke acted "in the complete absence of jurisdiction." To the contrary, it appears that the events giving rise to Plaintiff's claims against Judge Burke occurred during the course of a state family court case that was within his jurisdictional authority as a state court judge.

Plaintiff may believe that Judge Burke misapplied the law, deprived her of her legal rights, or committed other errors. However, based on the allegations in the complaint, it appears that all of Judge Burke's alleged acts occurred while he was serving as a judge in a matter that was properly before him. Therefore, Plaintiff's current claim against Judge Burke is barred by judicial immunity.

Luke also names the Family Justice Center as a defendant in her lawsuit. Although she makes no specific allegations against this defendant outside of the caption, it appears that this is the name of the building where Hennepin County Family Court is convened and is probably the place where Luke had her case before Judge Burke. However, a building that houses Hennepin County Family Court is not a suable entity. *Cf. De La Garza v. Kandiyohi County Jail*, 2001 WL 987542 (8th Cir. 2001) (unpublished opinion) (county jail is not a suable entity).[1]

---

[1] If Luke is attempting to sue the state of Minnesota by naming the Family Justice Center, the State and its agencies are generally immune from suit in federal court under the Eleventh Amendment. *Pugh v. Alabama*, 438 U.S. 781, 782 (1978) (per curiam) ("the Eleventh Amendment

For the reasons discussed above, the Court finds that Judge Burke is legally immune from all the claims that Plaintiff is attempting to bring against him in this action. The Court will therefore recommend that this action be dismissed, and that Plaintiff's IFP application be denied, pursuant to 28 U.S.C. §§ 1915(e)(2)(ii)-(iii).

**RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(iii).

Dated: July 27, 2015

 *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.

---

prohibits federal courts from entertaining suits by private parties against States and their agencies"); *see also Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988).